# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MATTHEW E. GREENE,
Appellant,

v.

DEPARTMENT OF DEFENSE,
Agency.

DOCKET NUMBER
DE-3330-20-0281-I-1

DATE: August 5, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Matthew E. Greene</u>, Lincoln, Nebraska, pro se.

<u>Timothy Jones</u>, Esquire, Fort Gregg-Adams, Virginia, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA) on the basis that his veterans' preference complaint was untimely before the Department of Labor (DOL). Generally, we

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify that the appellant's DOL complaint was untimely with respect to both nonselections at issue, we AFFIRM the initial decision.

## BACKGROUND

The appellant, a preference eligible veteran, applied for two positions with the agency, one in December 2017, and one in September 2018. Initial Appeal File (IAF), Tab 1 at 1, 6, Tab 6 at 3. He was not selected for either position. IAF, Tab 6 at 3. At some point in 2020 (the exact date is not clear), the appellant filed a complaint with DOL, alleging a violation of his veterans' preference rights in connection with these two nonselections. IAF, Tab 1 at 6. DOL dismissed the complaint as untimely, and the appellant filed the instant Board appeal. *Id*. at 3-4, 6.

The administrative judge issued an order notifying the appellant of the general jurisdictional and timeliness standards for a VEOA appeal, including the standard for equitable tolling, and ordered him to file evidence and argument on the issue. IAF, Tab 3. In this order, she specifically directed the appellant to file a statement showing the dates of the alleged veterans' preference violations, the

date he filed his complaint with DOL, and the date he received DOL's decision. *Id.* at 6. The administrative judge ordered the agency to respond as well and to file any evidence it had on the exhaustion, timeliness, and other jurisdictional issues. *Id.* at 7. After both parties responded, the administrative judge issued an initial decision denying the appellant's request for corrective action as untimely filed with DOL. IAF, Tab 10, Initial Decision (ID).

The appellant has filed a petition for review and a supplement to the petition. Petition for Review (PFR) File, Tabs 1, 5. The agency has not filed a response.

## ANALYSIS

A complaint under 5 U.S.C. § 3330a must be brought within 60 days of the alleged veterans' preference violation. 5 U.S.C. § 3330a(a)(2)(A). Failure to meet the 60-day statutory deadline for filing a DOL complaint will result in a denial of corrective action unless the appellant can establish a basis for equitably tolling the deadline. *See Gingery v. Office of Personnel Management*, 119 M.S.P.R. 43, ¶¶ 15-19 (2012). The doctrine of equitable tolling is narrow, limited to situations in which the complainant actively pursued his judicial remedies by filing a defective pleading during the statutory period, or he was induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. *Irwin v. Veterans Administration*, 498 U.S. 89, 96 (1990); *Roesel v. Peace Corps*, 111 M.S.P.R. 366, ¶ 8 (2009). Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The principles of equitable tolling do not extend to ordinary cases of excusable neglect. *Irwin*, 498 U.S. at 96; *Wood v. Department of the Air Force*, 54 M.S.P.R. 587, 593 (1992).

In this case, the administrative judge found, based on the appellant's initial appeal form, that he learned of the first nonselection on December 12, 2017. IAF, Tab 1 at 3; ID at 2. Without knowing exactly when the appellant filed his DOL complaint, the administrative judge used the April 21, 2020 date of DOL's initial response. ID at 5 n.2. Based on this information, the administrative judge found that the appellant's DOL complaint was due no later than February 10, 2018, and that his April 21, 2020 complaint was therefore at least 861 days untimely.[2] ID at 5. The administrative judge also found that the appellant provided no basis to toll the deadline. ID at 5. The reason that the appellant gave for his late filing was that he learned for the first time during a related equal employment opportunity (EEO) investigation that the selecting official failed to consider his veterans' preference. ID at 5; IAF, Tab 6 at 3. However, the administrative judge found that the law does not allow for a delay in filing a veterans' preference complaint while the complainant awaits the outcome of other proceedings and that the appellant otherwise identified no basis for equitable tolling. ID at 5.

On petition for review, the appellant argues that he was tricked by the agency's misconduct, "stating not referred for the position. Yet, the package that was submitted did not have my VP." PFR File, Tab 1 at 4. Construing this pro se appellant's petition in the most favorable light, we take this to mean that he did not become aware until after he filed his EEO complaint that the agency failed to apply veterans' preference in its selection process. However, the discovery of

---

[2] On his initial appeal form, the appellant identified May 1, 2018, as the date of his DOL complaint. IAF, Tab 1 at 4. However, as the administrative judge recognized, this cannot be correct because DOL's initial response to the complaint is dated April 21, 2020. ID at 5 n.2; IAF, Tab 1 at 20. Therefore, for purposes of her calculation, the administrative judge assumed that the appellant filed his DOL complaint on April 21, 2020. ID at 5 &n.2. In reality, the appellant's DOL complaint was almost certainly filed earlier, but he has not objected to the administrative judge's use of that date, and he has still not provided the correct date on review. In any event, regardless of whether the appellant filed his DOL complaint on April 21, 2020, or sometime earlier in the year, it would still be significantly untimely with respect to both nonselections.

new evidence generally does not constitute the type of extraordinary circumstance that warrants tolling a statutory deadline, especially when there is no indication that the evidence was previously unavailable because the agency improperly concealed it. *Heimberger v. Department of Commerce*, 121 M.S.P.R. 10, ¶ 11 (2014). It is undisputed that the vacancies at issue were announced under merit promotion procedures. IAF, Tab 1 at 20, Tab 6 at 8; PFR File, Tab 5 at 4-6. Therefore, veterans' preference did not apply, *see Wheeler v. Department of Defense*, 113 M.S.P.R. 376, ¶ 6 (2010), and the agency cannot be said to have in any way tricked the appellant by failing to inform him that it did not apply veterans' preference in the selection process. Moreover, there is no indication that the appellant even attempted to seek information from the agency about the precise basis for his nonselection until well after the statutory deadline had passed. We, therefore, find that the appellant did not diligently pursue his appeal rights during the filing period.

The appellant further argues that he read on the Board's website that, if there is a formal EEO case, "this could be used in the approval of a VEOA appeal." PFR File, Tab 1 at 5. We are not certain exactly what information on the Board's website the appellant is citing, but we agree with the administrative judge that the appellant's participation in the EEO process does not act to toll the statutory time limit. ID at 5.

The appellant also argues that the agency failed to file the evidence required in response the administrative judge's order on jurisdiction and timeliness. PFR File, Tab 1 at 3-4. We agree with the appellant that the agency seems not to have submitted the evidence that the administrative judge ordered, which would include, at a minimum, evidence regarding its selections for the two vacancies at issue and the dates on which it informed the appellant of his nonselections. However, the appellant did not raise an objection on this issue below. Nor has he shown that the agency's failure to provide this information

prejudiced his substantive rights. *See Harrison v. Office of Personnel Management*, 57 M.S.P.R. 89, 91 n.1 (1993).

In his supplement to the petition for review, the appellant has filed the certificates of eligibles for the two vacancy announcements, as well as his own résumé alongside the résumés of the selectees. PFR File, Tab 5. However, this evidence, along with the remaining arguments in the petition for review, goes to the merits of the appellant's claim. PFR File, Tab 1 at 5. They do not address the dispositive issue of timeliness before DOL.

We note that the initial decision specifically addressed the timeliness of the appellant's DOL complaint with respect to his 2017 nonselection but not with respect to his 2018 nonselection. ID at 5. It would appear that this was due to the absence of a precise date for the 2018 nonselection. We modify the initial decision to make clear that the appellant failed to prove that his DOL complaint was timely with respect to either nonselection. The evidence that the appellant submitted on review shows that the 2018 nonselection occurred no later than September 25, 2018. PFR File, Tab 5 at 4. Sixty days from that date was November 24, 2018, and therefore, the appellant's 2020 complaint to DOL was untimely by more than 1 year. For the reasons explained in the initial decision, we agree with the administrative judge that the appellant has not identified any unusual circumstances that might warrant equitable tolling. ID at 5.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


*Gina K. Grippando*

FOR THE BOARD:                    _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.